1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10

### WESTERN DIVISION

11

12  DARRYL E. PATTON,                        )     No. CV 15-7369-JFW (PLA)
                                             )
13                    Petitioner,            )     **ORDER TO SHOW CAUSE RE: DISMISSAL**
                                             )     **OF HABEAS PETITION AS SUCCESSIVE**
14          v.                               )     **AND/OR AS UNEXHAUSTED**
                                             )
15  E. VALENZUELA, Warden,                   )
                                             )
16                    Respondent.            )
                                             )
17  _____     )

18          Darryl E. Patton ("petitioner") initiated this action on September 21, 2015, by filing a Petition

19  for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("2015

20  Petition" or "2015 Pet.").  The 2015 Petition challenges petitioner's 2001 conviction in the Los

21  Angeles County Superior Court in case number BA202622.[1]  (2015 Pet. at 2).

22  /

23

24  _____

25          [1]    Petitioner was convicted by a jury of first degree residential burglary (Cal. Penal Code §
    459).  (Case No. CV 02-2747-JFW (PLA) ("CV 02-2747"), Dkt. Nos. 19, 20).  The jury also found
26  true a special allegation that petitioner used a dangerous and deadly weapon in the commission
    of the burglary (Cal. Penal Code § 12022(b)).  (Id.).  The trial court found petitioner had three prior
27  strike convictions (Cal. Penal Code §§ 667(b)-(i), 1170.12(a)-(d)), and four prior prison terms (Cal.
    Penal Code § 667.5(b)).  (Id.).  Petitioner was sentenced to state prison for an aggregate term of
28  44 years to life.  (Id.).

On April 3, 2002, petitioner filed an earlier habeas petition in this Court, in case number CV 02-2747, in which he also challenged his 2001 conviction in superior court case number BA202622 ("2002 Petition").  The 2002 Petition was dismissed on the merits with prejudice pursuant to the Judgment entered on October 14, 2003.  (CV 02-2747, Dkt. No. 26).  Petitioner's request for a certificate of appealability was denied by both the District Court and the Ninth Circuit Court of Appeals.  (CV 02-2747, Dkt. Nos. 31, 35).

On September 21, 2009, petitioner filed another habeas petition in this Court ("2009 Petition"), in case number CV 09-6858-JFW (PLA) ("CV 09-6858"), also challenging his 2001 conviction.  The 2009 Petition was dismissed on October 21, 2009, after petitioner failed to respond to the Court's Order to Show Cause why the 2009 Petition should not be dismissed as successive.  (CV 09-6858, Dkt. Nos. 3, 6).[2]

## A.    SUCCESSIVE PETITIONS

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition.  Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam).  The AEDPA provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

---

[2]   The Court notes that petitioner represented to the Court in his current 2015 Petition that he did *not* previously file any habeas petitions in any federal court with respect to his 2001 conviction.  (2015 Pet. at 7, question 10).  This statement appears to be wholly inaccurate.

28 U.S.C. § 2244(b)(2)(A), (B).   Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

In his 2002 Petition, petitioner raised the following claims:  (1) the trial court denied petitioner the right to confront witnesses by admitting into evidence statements of unidentified bystanders; (2) the prosecutor engaged in prosecutorial misconduct by arguing facts that were not in evidence; and (3) petitioner's sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment.  (CV 02-2747, Dkt. No. 19).  As mentioned above, the action was dismissed with prejudice on the merits, and petitioner's subsequent request for a certificate of appealability was denied by both the District Court and the Ninth Circuit Court of Appeals.  (CV No. 02-2747, Dkt. Nos. 31, 35).

In his 2009 Petition, petitioner set forth claims of ineffective assistance of trial and appellate counsel for various reasons, and also alleged that the trial court erroneously found that petitioner's prior convictions constituted "violent" or "serious" felonies.  (See CV 09-6858, Dkt. No. 3).  On October 21, 2009, the action was dismissed as successive.  (CV 09-6858, Dkt. No. 6).

In the instant 2015 Petition, petitioner raises the following claims:  (1) the trial court improperly denied petitioner's request for a Romero[3] hearing; (2) the trial court improperly used a dual use of facts to impose enhancements and aggravate petitioner's sentence; (3) the trial court made several findings to impose the aggravated sentence that should have been determined by a jury; (4) California's recidivist statute has been rendered unconstitutional by the Supreme Court's

---

[3]   People v. Romero, 13 Cal. 4th 497 (1996).

3

1  June 26, 2015, decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015)[4]; and (5) counsel

2  rendered ineffective assistance at both the guilt and sentencing phases of trial.  (2015 Pet. at 5-7).

3       Even if the instant claims satisfied 28 U.S.C. § 2244(b)(2)(A) or § 2244(b)(2)(B), however

4  (and it does not appear that petitioner has satisfied any of those provisions),[5] petitioner nevertheless

5  is required to seek authorization from the Ninth Circuit before filing a successive petition.  28 U.S.C.

6  § 2244(b)(3)(A).  There is no indication in the 2015 Petition, or in the overall record, that petitioner

7  obtained such authorization from the Ninth Circuit.  <u>See</u> <u>Burton v. Stewart</u>, 549 U.S. 147, 127 S. Ct.

8  793, 796, 166 L. Ed. 2d 628 (2007) (AEDPA requires petitioner to receive authorization from the

9  Court of Appeals before filing a second habeas petition).  As such, the Court is without jurisdiction

10  to entertain the 2015 Petition under 28 U.S.C. § 2244(b).  <u>See id.</u>; <u>Cooper</u>, 274 F.3d at 1274

11  ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from

12  the court of appeals, consider a second or successive habeas application.'").

13  /

14  /

15  /

16  _____

17      [4]   In <u>Johnson</u>, the Supreme Court considered the term "violent felony" as used in the Armed
Career Criminal Act ("ACCA"), specifically the provision that provides that an offense is a violent felony
18  if it "*otherwise* involves conduct that presents a serious potential risk" of physical injury to another.
<u>Johnson</u>, 13 S. Ct. at 2551-55 (quoting 18 U.S.C. § 924(e)(2)(B)).  The Supreme Court found that this
19  portion of the definition of "violent felony" was unconstitutionally vague and that increasing a
defendant's sentence under this "residual clause" denied defendants due process because "the
20  indeterminancy of the wide-ranging inquiry required by the residual clause both denies fair notice to
defendants and invites arbitrary enforcement by judges."  <u>Id.</u> at 2557.
21

22      [5]   The Court notes that one California Court of Appeal recently found that <u>Johnson</u> "does not cast
doubt upon the validity of the Three Strikes law . . . ."  <u>People v. Williams</u>, 2015 WL 4878725, at *1
23  (Cal. App. 1 Dist. Aug. 14, 2015) (unpublished).  Additionally, "[s]ince <u>Johnson</u> was decided by the
Supreme Court on June 26, 2015, two circuit courts have addressed whether <u>Johnson</u> should be
24  applied retroactively, and arrived at differing results.  <u>See</u> <u>Price v. United States</u>, 795 F.3d 731 (7th Cir.
2015) (<u>Johnson</u> decision regarding imposition of enhanced sentence under residual clause of ACCA
25  announced new rule of constitutional law and is thus categorically retroactive to cases on collateral
review); <u>but see</u> <u>In re Rivero</u>, 2015 WL 4747749 (11th Cir. 2015) (while <u>Johnson</u> announced new rule
26  of constitutional law, the rule . . . is not retroactive to Career Offender challenges on collateral review).
No court in [the Ninth Circuit] appears [to] have addressed the issue of retroactivity of <u>Johnson</u>.
27  Retroactivity therefore remains an open question . . . ."  <u>Bartelho v. Matevusian</u>, 2015 WL 5544502,
28  at *3 (E.D. Cal. Sept. 18, 2015).

**B.     EXHAUSTION**

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition.  Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).  The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).  Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the state, through counsel.  See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that petitioner's contentions be fairly presented to the state supreme court even if that court's review is discretionary.  O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000).  Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" in order to exhaust his claims.  O'Sullivan, 526 U.S. at 845.  A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based.  See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. Cal. Dep't of Corr., 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000).  Petitioner has the burden of demonstrating that he has exhausted available state remedies.  See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

Here, petitioner admits that his Johnson claim has not been previously submitted to the California Supreme Court.  (2015 Pet. at 6, 7).  Accordingly, in addition to being successive, the 2015 Petition also appears to be partially unexhausted.

/

/

1 **C.    CONCLUSION**

2     Based on the foregoing, petitioner is **ordered to show cause** (1) why the 2015 Petition

3 should not be dismissed as successive; and (2) why the 2015 Petition should not be dismissed

4 as unexhausted.

5     Specifically, **no later than October 15, 2015**, petitioner must submit to the Court the

6 following: (1) documentation showing that, pursuant to 28 U.S.C. § 2244(b)(3)(A), he properly filed

7 a motion in the Ninth Circuit for an order authorizing the district court to consider a successive

8 petition, *and that the Ninth Circuit issued such an order*; and (2) a response making clear his

9 arguments, if any, as to why the Petition should not be dismissed as unexhausted.  All facts relied

10 upon by petitioner must be proved by testimony contained in a declaration signed under penalty

11 of perjury pursuant to 28 U.S.C.  § 1746, or in properly authenticated documents.

12     **Failure to respond by October 15, 2015, or failure to satisfy the Court that he has**

13 **received authorization to file a successive petition from the Ninth Circuit, and that his 2015**

14 **Petition is fully exhausted, will result in the instant Petition being summarily dismissed**

15 **with prejudice as successive[6] and/or as unexhausted**.

16

17 DATED:  September 24, 2015

_____

18
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23     [6]    In the event that petitioner has not complied with 28 U.S.C. § 2244(b)(3)(A), and he does

24 not provide documentation showing that he is not required to first receive Ninth Circuit authorization before filing a successive petition, he is advised that if he wishes to make a

25 successive habeas application, he must file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" **directly with the**

26 **Ninth Circuit**.  Until the Ninth Circuit issues such an order, any direct or implied request for a

27 second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed **without prejudice** to petitioner's right to seek authorization from the Ninth Circuit to

28 file the petition.