JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| DARRYL E. PATTON,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>E. VALENZUELA, Warden,<br><br>　　　　　Respondent. | No. CV 15-7369-JFW (PLA)<br><br>**ORDER DISMISSING HABEAS PETITION AS SUCCESSIVE AND/OR AS PARTIALLY UNEXHAUSTED** |

## I.
## BACKGROUND

Darryl E. Patton ("petitioner") initiated this action on September 21, 2015, by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("2015 Petition" or "2015 Pet."). The 2015 Petition challenges petitioner's 2001 conviction in the Los Angeles County Superior Court in case number BA202622.[1]  (2015 Pet. at 2).

---

[1] Petitioner was convicted by a jury of first degree residential burglary (Cal. Penal Code § 459). (Case No. CV 02-2747-JFW (PLA) ("Case No. CV 02-2747"), Dkt. Nos. 19, 20). The jury also found true a special allegation that petitioner used a dangerous and deadly weapon in the commission of the burglary (Cal. Penal Code § 12022(b)). (Id.). The trial court found petitioner had three prior strike convictions (Cal. Penal Code §§ 667(b)-(i), 1170.12(a)-(d)), and four prior prison terms (Cal. Penal Code § 667.5(b)). (Id.). Petitioner was sentenced to state prison for an
(continued...)

On April 3, 2002, petitioner filed an earlier habeas petition in this Court, in case number CV 02-2747, in which he also challenged his 2001 conviction in superior court case number BA202622 ("2002 Petition"). The 2002 Petition was dismissed on the merits with prejudice pursuant to the Judgment entered on October 14, 2003. (Case No. CV 02-2747, Dkt. No. 26). Petitioner's request for a certificate of appealability was denied by both the District Court and the Ninth Circuit Court of Appeals. (Case No. CV 02-2747, Dkt. Nos. 31, 35).

On September 21, 2009, petitioner filed another habeas petition in this Court ("2009 Petition"), in case number CV 09-6858-JFW (PLA) ("Case No. CV 09-6858"), also challenging his 2001 conviction. The 2009 Petition was dismissed on October 21, 2009, after petitioner failed to respond to the Magistrate Judge's Order to Show Cause why the 2009 Petition should not be dismissed as successive. (Case No. CV 09-6858, Dkt. Nos. 3, 6).

In the instant action, on September 24, 2015, the Magistrate Judge issued an order requiring petitioner to show cause why the Petition should not be dismissed as successive and/or as partially unexhausted ("Order to Show Cause"). (Dkt. No. 4 at 6). Petitioner was advised that in order to avoid dismissal he "must submit" the following: "(1) documentation showing that, pursuant to 28 U.S.C. § 2244(b)(3)(A), he properly filed a motion in the Ninth Circuit for an order authorizing the district court to consider a successive petition, *and that the Ninth Circuit issued such an order*; and (2) a response making clear his arguments, if any, as to why the [2015] Petition should not be dismissed as unexhausted." (Id.). On December 7, 2015, petitioner filed a Response to the Order to Show Cause.

## II.
## DISCUSSION

**A.    SUCCESSIVE PETITION**

---

[1](...continued)
aggregate term of 44 years to life. (Id.).

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam) (citation omitted). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In his 2002 Petition, petitioner raised the following claims: (1) the trial court denied petitioner the right to confront witnesses by admitting into evidence statements of unidentified bystanders; (2) the prosecutor engaged in prosecutorial misconduct by arguing facts that were not in evidence; and (3) petitioner's sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment. (Case No. CV 02-2747, Dkt. No. 19). As mentioned above, the action was dismissed with prejudice on the merits, and petitioner's subsequent request for a certificate of appealability was denied by both the District Court and the Ninth Circuit Court of Appeals. (Case No. CV No. 02-2747, Dkt. Nos. 31, 35).

In his 2009 Petition, petitioner set forth various claims of ineffective assistance of trial and appellate counsel, and also alleged that the trial court erroneously found that petitioner's prior convictions constituted "violent" or "serious" felonies. (See Case No. CV 09-6858, Dkt. No. 3). On

3

October 21, 2009, that action was dismissed as successive. (Case No. CV 09-6858, Dkt. No. 6).

/

/

In the instant 2015 Petition, petitioner raises the following claims: (1) the trial court improperly denied petitioner's request for a Romero[2] hearing; (2) the trial court improperly employed a dual use of facts to impose enhancements and aggravate petitioner's sentence; (3) the trial court made several findings to impose the aggravated sentence that should have been determined by a jury; (4) California's recidivist statute has been rendered unconstitutional by the Supreme Court's June 26, 2015, decision in Johnson v. United States, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015)[3]; and (5) counsel rendered ineffective assistance at both the guilt and sentencing phases of trial. (2015 Pet. at 5-7).

Even if the instant claims satisfied the exceptions found in 28 U.S.C. § 2244(b)(2)(A) or § 2244(b)(2)(B), however (and it does not appear that petitioner has satisfied any of those provisions),[4] petitioner nevertheless is required to seek authorization from the Ninth Circuit before

---

[2] People v. Romero, 13 Cal. 4th 497 (1996).

[3] In Johnson, the Supreme Court considered the term "violent felony" as used in the Armed Career Criminal Act ("ACCA"), specifically the provision that provides that an offense is a violent felony if it "*otherwise* involves conduct that presents a serious potential risk" of physical injury to another. Johnson, 13 S. Ct. at 2551-55 (quoting 18 U.S.C. § 924(e)(2)(B)). The Supreme Court found that this portion of the definition of "violent felony" was unconstitutionally vague and that increasing a defendant's sentence under this "residual clause" denied defendants due process because "the indeterminancy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." Id. at 2557.

[4] The Court notes that one California Court of Appeal recently found that Johnson "does not cast doubt upon the validity of the Three Strikes law . . . ." People v. Williams, 2015 WL 4878725, at *1 (Cal. App. 1 Dist. Aug. 14, 2015) (unpublished). Additionally, "[s]ince Johnson was decided by the Supreme Court on June 26, 2015, two circuit courts have addressed whether Johnson should be applied retroactively, and arrived at differing results. See Price v. United States, 795 F.3d 731 (7th Cir. 2015) (Johnson decision regarding imposition of enhanced sentence under residual clause of ACCA announced new rule of constitutional law and is thus categorically retroactive to cases on collateral review); but see In re Rivero, 2015 WL 4747749 (11th Cir. 2015) (while Johnson announced new rule of constitutional law, the rule . . . is not retroactive to Career Offender challenges on collateral review). No court in [the Ninth Circuit] appears [to] have addressed the issue of retroactivity of Johnson.
(continued...)

filing a successive petition. 28 U.S.C. § 2244(b)(3)(A). Although petitioner attached to his Response to the Order to Show Cause a proof of mail service of an "Application for Leave to File Second or Successive Petition" to the United States Court of Appeals for the Ninth Circuit, he did not attach the application itself and, as of the date of this Order, there is no indication reflected on the Ninth Circuit's docket that petitioner has actually filed such an application. Moreover, as the Magistrate Judge thoroughly informed petitioner in the Order to Show Cause, if petitioner wishes to make a successive habeas application, "he must file a 'Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)' **directly with the Ninth Circuit** . . . [and] *[u]ntil the Ninth Circuit issues such an order*, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed **without prejudice** to petitioner's right to seek authorization from the Ninth Circuit to file the petition." (Order to Show Cause at 6 n.6 (italics added)). There is no indication that petitioner has obtained such authorization from the Ninth Circuit.

Petitioner argues that his claims are "not truly successive" as they were dismissed in 2009 for a procedural reason, rather than on the merits and, therefore, "have not been properly addressed or considered; present viable tenable issues not frivolous in nature[] for resolution and . . . will ultimately be the first time they have been heard at the federal level." (Response at 5). However, whether or not petitioner is raising claims he did not raise previously in federal court, the facts remain that the 2002 Petition was denied on the merits, the instant Petition is thus considered to be a successive application, and this Court is without jurisdiction to consider plaintiff's claims until or unless the Ninth Circuit authorizes it do so.

Based on the foregoing, the Court is without jurisdiction to entertain the current 2015 Petition under 28 U.S.C. § 2244(b). See Burton v. Stewart, 549 U.S. 147, 153, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007); Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive

---

(...continued)
Retroactivity therefore remains an open question . . . ." Bartelho v. Matevusian, 2015 WL 5544502, at *3 (E.D. Cal. Sept. 18, 2015).

habeas application.'"). Thus, the Court finds that it is appropriate to dismiss the 2015 Petition without prejudice as successive.

/

/

/

## B.  EXHAUSTION

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the state, through counsel. See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that petitioner's contentions be fairly presented to the state supreme court even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000). Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" in order to exhaust his claims. O'Sullivan, 526 U.S. at 845. A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. Cal. Dep't of Corr., 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

Here, petitioner admits that his Johnson claim has not been previously submitted to the California Supreme Court, because prior to the United States Supreme Court's decision in Johnson, his claim, which he describes as a "viable, tenable and/or meritorious issue," "could not be properly presented." (Response at 4-5; see also 2015 Pet. at 6, 7). Accordingly, in addition to being successive, the 2015 Petition is also subject to dismissal as partially unexhausted, i.e., as a "mixed" petition. See Lundy, 455 U.S. at 518-22.

## III.
## CONCLUSION

IT IS THEREFORE ORDERED that this action is **dismissed without prejudice** as successive and/or as partially unexhausted.

DATED: December 11, 2015

_____
HONORABLE JOHN F. WALTER
UNITED STATES DISTRICT JUDGE